**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


Felix Portes

    v.                                      Civil No. 16-cv-393-JL

Eduardo Masferrer


## REPORT AND RECOMMENDATION

Before the court is Felix Portes's complaint (Doc. No. 1), asserting that Portes's former attorney, Eduardo Masferrer, failed to provide him with adequate legal representation, in violation of Portes's rights under the federal constitution, and engaged in acts and omissions giving rise to liability under state common law.  The matter is before the court for preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).


## Standard of Review

In determining whether a pro se pleading states a claim, the court construes the pleading liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Disregarding any legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a facially plausible claim to relief.  Hernandez-

Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing
Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  The court may
dismiss the complaint upon preliminary review if the pleading
"fails to state a claim on which relief may be granted," or if
the court lacks subject matter jurisdiction.  28 U.S.C.
§§ 1915(e)(2), 1915A; LR 4.3(d)(2).


## Background

Seeking damages, plaintiff asserts that Attorney Masferrer
failed to provide him with adequate legal representation in a
criminal matter in the District of New Hampshire, United States
v. Portes, No. 15-cr-148-01-PB (D.N.H.).  Portes alleges, among
other things, that Attorney Masferrer: failed to appear at two
pretrial hearings in this court; failed to provide Portes with a
full copy of discovery; failed to adequately communicate with
Portes; represented Portes while operating under an actual
conflict of interest, to Portes's detriment; and engaged in
fraud in executing a contract for Portes's representation.


## Discussion

### I.   Constitutional Claims

Portes asserts that Attorney Masferrer violated his rights
under the federal constitution.  Section 1983 provides a cause

of action where a person acting under color of state law violates the plaintiff's federal constitutional rights.  42 U.S.C. § 1983.  Attorney Masferrer was privately retained and is not a government agent.  Nothing in the complaint gives rise to any inference that he was acting under color of state law during his representation of Portes.  Cf. Polk County v. Dodson, 454 U.S. 312, 325 (1981) (court-appointed defense attorneys are not state actors for purposes of § 1983).  Accordingly, Portes cannot sustain claims against Attorney Masferrer that are based on allegations of federal constitutional violations, and the district judge should dismiss those federal claims from this action.

II.  **State Common Law Claims**

To the extent Portes asserts claims alleging that Attorney Masferrer's acts and omissions amounted to legal malpractice, negligence, breach of contract, or otherwise gave rise to liability under state common law, this court can exercise original jurisdiction over those claims only to the extent that the claims fall within the scope of this court's diversity jurisdiction.  See 28 U.S.C. § 1332(a).  To properly invoke the court's diversity jurisdiction, Portes must assert facts establishing, among other things, that he and Attorney Masferrer are not domiciled in the same state.  See id.

As to state citizenship, Portes has provided the court with
a Massachusetts address for Attorney Masferrer.  Portes is
presently in pretrial detention in New Hampshire.  There is a
rebuttable presumption that, for purposes of diversity
jurisdiction determinations, an inmate is domiciled in the state
where he lived and intended to stay before his incarceration,
even if he is currently incarcerated elsewhere.  See Hall v.
Curran, 599 F.3d 70, 72 (1st Cir. 2010).  That presumption may
be rebutted.  See id. (relevant factors to be considered by
court in determining whether prisoner has rebutted presumption
of domicile include prisoner's declaration of intentions
regarding his new place of residence, possibility of parole to
new place of residence, his ordering of affairs, and any other
factors that may corroborate claimed state of domicile).

In an Order issued this date, the court has granted Portes
leave to file a motion to amend the complaint by January 6, 2017
rebutting the presumption that he intends to return to
Massachusetts when he is released, and any other evidence
showing that he and Attorney Masferrer are not domiciled in the
same state.  If Portes chooses not to file a response to that
Order, this court may recommend that the state law claims be
dismissed without prejudice to Portes's ability to refile those
claims in a new case in state court.

4

## Conclusion

For the foregoing reasons, the district judge should dismiss the federal constitutional claims from this action.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  <u>See</u> Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  <u>See</u> <u>Garayalde-Rijos v. Mun. of Carolina</u>, 747 F.3d 15, 21-22 (1st Cir. 2014).


_____
Andrea K. Johnstone
United States Magistrate Judge


December 6, 2016

cc:  Felix Portes, pro se