UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Felix Portes

     v.                       Civil No. 16-cv-393-JL

Eduardo Masferrer

## REPORT AND RECOMMENDATION

Felix Portes, a federal prisoner appearing pro se, asserts a variety of state common-law claims in this action against Attorney Eduardo Masferrer, who represented Portes in a criminal action in this court. Before this magistrate judge for a report and recommendation is defendant's motion to dismiss (Doc. No. 20). For the reasons that follow, the district judge should grant that motion and deny plaintiff's request for a change of venue.[1]

## Background

Before he was convicted in this court, Portes resided in Massachusetts. When he filed this action, Portes was incarcerated at the Strafford County House of Corrections as a

_____

[1]Plaintiff makes that request in a pleading captioned "Response to Defendant's Motion to Dismiss, DE 20" (Doc. No. 24).

pretrial detainee in the custody of the United States Marshals Service, pursuant to a detention order issued in his criminal case.  Portes has since been sentenced, and has been moved to a federal prison camp in Pennsylvania.

In his complaint (Doc. No. 1), Portes asserted both federal and state claims against Atty. Masferrer.  The federal claims have all been dismissed.  See Dec. 21, 2016 Order (Doc. No. 9) (approving Dec. 6, 2016 R&R (Doc. No. 6)).  In addition, in a Report and Recommendation (Doc. No. 6) and Order (Doc. No. 7) issued December 6, 2016, the court expressed concern that it might lack diversity jurisdiction over Portes's state-law claims, as it appeared that both he and Atty. Masferrer may have been domiciled in Massachusetts when plaintiff filed this action.  Accordingly, the court granted Portes leave to amend his complaint to demonstrate, through factual allegations and/or documents, that he and Atty. Masferrer were not domiciled in the same state.  See Dec. 6, 2016 Order (Doc. No. 7).  Portes filed a response (Doc. No. 8), in which the court found he had sufficiently alleged facts establishing diversity jurisdiction to allow the action to proceed.  Consequently, the court directed service of Portes's complaint on Atty. Masferrer, but "without prejudice to defendant's ability to move to dismiss on any proper basis, including jurisdictional grounds."  Aug. 17,

2017 Order (Doc. No. 15), at 2.

## Discussion

### I.   Motion to Dismiss

Defendant, in his motion to dismiss (Doc. No. 20), argues that: (1) the court lacks subject-matter jurisdiction over plaintiff's claims because he and plaintiff are not of diverse citizenship, and because plaintiff has failed to adequately allege the necessary amount in controversy, see 28 U.S.C. § 1332; Fed. R. Civ. P. 12(b)(1); and (2) plaintiff has failed to state a claim upon which relief can be granted, see Fed. R. Civ. P. 12(b)(6).  In Portes's December 20, 2016 response (Doc. No. 8) to the court's December 6, 2016 Report and Recommendation, Portes asserts that he and Atty. Masferrer are of diverse citizenship, as Atty. Masferrer is domiciled in Massachusetts, and Portes, after his incarceration, will be obliged to live in New Hampshire during a period of court-imposed supervised release.

### A.   Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court accepts the factual allegations in Portes's complaint, construes reasonable inferences in his favor, and "determine[s] whether the factual allegations" state a plausible

claim upon which relief may be granted.  Foley v. Wells Fargo
Bank, N.A., 772 F.3d 63, 71 (1st Cir. 2014) (citation omitted).
In considering whether the complaint states a claim, the court
is generally limited to considering "'facts and documents that
are part of or incorporated into the complaint,'" as well as
"'documents incorporated by reference in [the complaint],
matters of public record, and other matters susceptible to
judicial notice.'"  Giragosian v. Ryan, 547 F.3d 59, 65 (1st
Cir. 2008) (citations omitted).[2]  Because Portes is proceeding
pro se, his pleadings are construed liberally.  See Erickson v.
Pardus, 551 U.S. 89, 94 (2007) (per curiam).

    B.    Subject-Matter Jurisdiction

    "A cause of action may be maintained in federal court only
if it involves a question of federal law, or if the controversy
is between citizens of different states and the amount in
controversy exceeds $75,000."  Hall v. Curran, 599 F.3d 70, 71
(1st Cir. 2010) (per curiam) (citing 28 U.S.C. §§ 1331 (federal
question) & 1332 (diversity)).  Here, the federal claims that
Portes asserted against Atty. Masferrer have been dismissed, so

---

    [2]For purposes of this Report and Recommendation, the court
has construed the complaint to include the assertions in
Portes's initial complaint (Doc. No. 1), Portes's Response (Doc.
No. 8) to the court's December 6, 2016 Report and
Recommendation, and Portes's Response (Doc. No. 24) to Atty.
Masferrer's motion to dismiss.

the only possible basis for subject-matter jurisdiction in this court is diversity of citizenship.

"Under generally accepted principles, citizenship is determined by domicile, which can be established by demonstrating that the individual is physically present in the state and has an intent to remain indefinitely." Hall, 599 F.3d at 72. "'For federal jurisdictional purposes, diversity of citizenship must be determined as of the time of suit.'" Harrison v. Granite Bay Care, Inc., 811 F.3d 36, 40 (1st Cir. 2016) (citation omitted); see also Hall, 599 F.3d at 72 ("Domicile is determined at the time the suit is filed.").

Here, it is undisputed that when Portes filed this suit, Atty. Masferrer was a citizen of Massachusetts, and Atty. Masferrer has produced evidence to that effect. See Def.'s Mem. of Law (Doc. No. 21), at 24. Thus, the dispositive question in the court's determination as to whether the parties are of diverse citizenship is Portes's domicile at the time he filed this action.

When Portes filed this action, he was being held in a correctional facility in New Hampshire. However, "[i]n cases involving prisoners, the courts presume that the prisoner remains a citizen of the state where he was domiciled before his incarceration, even if he is subsequently incarcerated in a

different state." <u>Hall</u>, 599 F.3d at 72.  That presumption rests

upon the principle that because "domicile is a voluntary status,

a forcible change in a person's state of residence does not

alter his domicile; hence the domicile of the prisoner before he

was imprisoned is presumed to remain his domicile while is in

prison." <u>Sullivan v. Freeman</u>, 944 F.2d 334, 337 (7th Cir.

1991).  While the law presumes that a prisoner retains his pre-

incarceration domicile while incarcerated, that presumption is

rebuttable.  <u>See</u> <u>Hall</u>, 599 F.3d at 72.

> [T]o overcome the presumption, the prisoner must offer
> more than conclusory statements and unsupported
> allegations.  "No single factor is dispositive, and
> the analysis focuses not simply on the number of
> contacts with the purported domicile, but also on
> their substantive nature."  Relevant factors for the
> district court to consider include "the prisoner's
> declaration of intentions, 'the possibility of parole
> . . ., the manner in which [he] has ordered his
> personal and business affairs, and any other factors
> that are relevant to corroboration of [the prisoner's]
> statements.'"

<u>Id.</u> (citing <u>Valedon Martinez v. Hosp. Presbiteriano de la</u>

<u>Comunidad, Inc.</u>, 806 F.2d 1128, 1132 (1st Cir. 1986) ("All that

is required is that the court afford the nonmoving party an

ample opportunity to secure and present evidence relevant to the

existence of jurisdiction.")) (other internal citations

omitted).

In this case, the court gave Portes ample opportunity to
secure and present evidence to support his claim to a New
Hampshire domicile.  Portes's argument that he should be deemed
domiciled in New Hampshire because, upon his release from prison
he will be compelled to remain in New Hampshire to serve his
term of post-incarceration supervised release, however, does not
satisfy the voluntariness aspect of domicile.  Cf. Apiceli v.
United States, No. 18-cv-302-JD, 2018 WL 1951192, at *1 n.2
(D.N.H. Apr. 23, 2018) (citing Jackson v. Coalter, 337 F.3d 74,
78-79 (1st Cir. 2003) for the proposition that "supervised
release is sufficient to satisfy the 'in custody' requirement of
[28 U.S.C.] § 2255")).

Because Portes offered nothing more than compelled
residence in New Hampshire after his release from prison, he has
not rebutted the presumption that, when he filed suit, he was
domiciled in Massachusetts.  Because the plaintiff and defendant
were both citizens of Massachusetts at the time this action was
filed, the court concludes that it lacks subject-matter
jurisdiction over Portes's state-law claims against Atty.
Masferrer.  The district judge should therefore dismiss this
action, without prejudice to Portes's ability to assert his
claims in an action filed in a court of competent jurisdiction.

C.    <u>Amount in Controversy and Failure to State a Claim</u>

Because the court finds that the lack of diversity of citizenship between the parties in this action deprives it of subject matter jurisdiction in this case, the court declines to address the defendant's argument that Portes has failed to allege a sufficient amount-in-controversy in this matter. Further, the court declines to address the defendant's argument that Portes has failed to state a claim upon which relief may be granted, without prejudice to the defendant's ability to assert those arguments in state court should Portes bring suit there.

**II.    Change of Venue**

Apparently in reliance upon his belief that this court had subject-matter jurisdiction over his state-law claims when he filed them, Portes has asked the court to transfer this matter to the Middle District of Pennsylvania, where he is currently incarcerated.  The court should not do so.

The federal statute that governs change of venue provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought . . . ."  28 U.S.C. § 1404(a).  While the First Circuit does not appear to have spoken on the issue of subject-matter jurisdiction in a transferring district, a judge of this court

has noted that "'[t]ransfer under § 1404(a) is possible only if venue is proper in the original forum <u>and federal jurisdiction existed there</u>.  If subject matter jurisdiction is lacking, there is no power to do anything with the case except dismiss' or remand it." <u>Marotta Gund Budd & Dzera LLC v. Costa</u>, 340 B.R. 661, 663 n.2 (D.N.H. 2006) (quoting 15 Charles Alan Wright, Arthur R. Miller and Edward H. Cooper, <u>Federal Practice & Procedure</u> § 3844, at 332 (2d ed. 1984 & 2005 supp.)) (emphasis added); <u>see also</u> 17 James Wm. Moore, <u>Moore's Federal Practice</u> § 111.14[1], at 111-117 (3d ed. 2017) (explaining that when faced with a request for change of venue under § 1404(a), "[i]f the district court determines that it lacks subject matter jurisdiction, it must dismiss the action").

Because, for the reasons given in the previous section, this court lacks subject-matter jurisdiction over plaintiff's state-law claims, the court is powerless to do anything other than dismiss them.  Thus, the district judge should deny plaintiff's request for to transfer this case to the Middle District of Pennsylvania.


## Conclusion

For the reasons detailed above, the district judge should grant defendant's motion to dismiss (Doc. No. 20), without

prejudice to plaintiff's ability to bring his claims in a court of competent jurisdiction.  Further, the district judge should deny plaintiff's request for a change of venue (Doc. No. 24).

Any objection to this report and recommendation must be filed within 14 days of receipt of this notice.  <u>See</u> Fed. R. Civ. P. 72(b)(2).  The 14-day period may be extended upon motion.  Failure to file a specific written objection to the report and recommendation within the specified time waives the right to appeal the district court's order.  <u>See</u> <u>Santos-Santos v. Torres-Centeno</u>, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

Andrea K. Johnstone
United States Magistrate Judge

May 29, 2018

cc:   Felix D. Portes, pro se
      Erin K. Higgins, Esq.
      Michael J. Rossi, Esq.

10